JAMES L. KARNS, Administrator, Division of Motor Vehicles Department ofTransportation
You advised me that there is apparently some confusion in this State concerning the revocation of a chauffeur's license upon a conviction of operating a motor vehicle while under the influence of an intoxicating liquor or a narcotic or dangerous drug. You request that I render an opinion in this matter to help clarify the law. Because of the existence of two different sections in ch. 343, Stats., the revocation of a chauffeur's license depends upon whether the driving while under the influence conviction is for a first offense or for a second or any subsequent offense.
Section 343.30 (1q), Stats., provides in part:
"A court shall revoke the operating privilege of a person for a period of not less than 90 days nor more than 6 months upon such person's firstconviction for violating s. 346.63 (1) (a) * * *." (Emphasis supplied)
Section 346.63 (1) (a) Stats., is the "operating under the influence" section of the Motor Vehicle Code.
Section 343.31 (1), Stats., provides, in part:
"The administrator shall forthwith revoke a person's operating privilege upon receiving a record of conviction showing that such person has been convicted of any of the following offenses under a state law or under a local ordinance which is in conformity therewith, except that if a person licensed as a chauffeur was convicted for operation of a motor vehicle while under the influence of intoxicating liquor and such person was not operating a vehicle as a chauffeur at the time of such offense, only his regular license shall be revoked as provided in this section: *Page 130 
"* * *
"(b) Upon the 2nd or any subsequent conviction for operation of a motor vehicle while under the influence of an intoxicating liquor or a narcotic or dangerous drug.
"* * *." (Emphasis supplied)
Because sec. 340.01 (40), Stats., defines "operating privilege" as a license granted under ch. 343, Stats., and because "license" is defined in sec. 343.01 (2) (b), Stats., to mean the "authority to operate a motor vehicle granted pursuant to ch. 343, including * * * chauffeurs' licenses," it is clear that the provisions of sec. 343.30 (1q), Stats., providing for the 90 day to 6 month revocation upon the conviction of the first offense of driving while under the influence, are applicable to chauffeurs' licenses.
Thus, upon the conviction of a first offense of driving while under the influence, the court must revoke the operating privilege, which would include a chauffeur's license, for not less than 90 days nor more than 6 months. Upon a conviction of a second or subsequent offense of driving while under the influence, the Administrator of the Division of Motor Vehicles, Department of Transportation, is the revoking authority, but he does not have the authority to revoke a chauffeur's license if the licensee was not convicted for operating while under the influence while driving under his chauffeur's license.
Of course, under secs. 343.10 or 343.126, Stats., a chauffeur may seek relief from a revocation of his license.
I am sure that this incongruous result is not what the legislature intended. However, there is no ambiguity in the statutes which would permit a construction in order to provide something different than what is plain on its face. It is apparent that remedial legislation is in order, and I strongly recommend such legislation.
RWW:AOH *Page 131